UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

WENDY LITTLE )
 )
    Plaintiff, )
 )
vs. ) Civil Action No. CV-98-S-0332-NE
 )
ITT HARTFORD GROUP, INC. )
and HARTFORD LIFE & ACCIDENT )
INSURANCE CO. )
 )
    Defendant. )

FILED

ENTERED
APR 1 4 1998

## MEMORANDUM OPINION

This is a diversity action. 28 U.S.C. § 1332(a)(1). Wendy Little claims that defendants issued a group, short-term and long-term disability policy to her employer, Wrangler, Inc. The policy allegedly provided that defendants would make short-term, weekly, disability payments to an employee who became totally and continuously disabled because of pregnancy. Little asserts that her doctor ordered her to cease work on October 15, 1996, due to pain and complications related to pregnancy. She thus filed a claim with defendants for short-term disability benefits on October 16, 1996. Little alleges that defendants refused to pay benefits under the policy, despite her repeated demands. Thus, she seeks damages under Alabama law for breach of contract and bad faith refusal to pay a valid insurance claim.

The action is before this court on defendants' motion to dismiss. They claim that Little's state law claims are preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"),

28 U.S.C. § 1001, et seq. Upon consideration of the motion and plaintiff's response, this court concludes the motion is due to be denied.

## I. DISCUSSION

### A. Introduction

ERISA "supersede[s] any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and are not exempt under section 1003(b) of this title." 29 U.S.C. § 1144(a). An "employee benefit plan" is defined as an "employee welfare benefit plan" (29 U.S.C. § 1002(3)) which, in turn, is defined as:

> any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, **or benefits in the event of** sickness, accident, **disability**, death or unemployment, or vacation benefits, apprenticeship or other training programs, or day care centers, scholarship funds, or prepaid legal services, or (B) any benefit described in section 186(c) of this title (other than pensions on retirement or death, and insurance to provide such pensions).

29 U.S.C. § 1002(1) (emphasis supplied). Thus, defendants contend the short-term, group disability policy issued to Wrangler, Inc. constitutes an "ERISA plan," and Little's state law claims are preempted, because they "relate to" that plan.

2

**B. Is the policy an "ERISA plan"?**

The statutory definition of an "employee benefit plan" is not the final factor in determining ERISA preemption. Rather, the

> statutory definition of an ERISA employee welfare benefit plan has been fleshed out through a combination of agency regulations and case law. The Department of Labor, which under 29 U.S.C. § 1135 is empowered to promulgate rules interpreting ERISA, has issued "safe harbor" regulations. These regulations provide that group insurance offered to workers through their place of employment will *not* be deemed an ERISA plan if the insurance program satisfies certain enumerated criteria.

*Randol v. Mid-West National Life Insurance Company of Tennessee*, 987 F.2d 1547, 1549 (11th Cir. 1993). Those "safe harbor" regulations provide:

> (j) *Certain group or group-type insurance programs.* For purposes of title I of [ERISA] and this chapter, the terms "employee welfare benefit plan" and "welfare plan" <u>shall not include a group or group-type insurance program offered by an insurer to employees or members of an employee organization, under which</u>
>
> (1) No contributions are made by an employer or employee organization;
>
> (2) Participation in the program is completely voluntary for employees or members;
>
> (3) The sole functions of the employer or employee organization with respect to the program are, without endorsing the program, to permit the insurer to publicize the program to employees or members, to collect premiums though payroll deductions or dues checkoffs and to remit them to the insurer; and
>
> (4) The employer or employee organization receives no consideration in the form of cash or otherwise in connection with the program, other than reasonable compensation, excluding any profit, for administrative services actually rendered in connection with payroll deductions or dues checkoffs.

3

29 C.F.R. § 2510.3-1(j)(emphasis supplied).

Wendy Little claims the Wrangler, Inc. group disability plan satisfies those requirements, but presents no evidence in support of her contention. Instead, Little offers to "provide ample evidence" at "the appropriate time." (Plaintiff's brief in opposition to motion to dismiss at 5.)

If evidence were offered by either party, this court could convert the motion to one for summary judgment. Neither party does so; therefore, this court may dismiss plaintiff's complaint only if it is clear that no set of facts could support the claims contained therein. *Powell v. United States*, 945 F.2d 374 (11th Cir. 1991). Under that standard, it is possible the Wrangler, Inc. group disability plan falls within ERISA's "safe harbor" regulations, and defendants' motion to dismiss is due to be denied.

## II. CONCLUSION

For the foregoing reasons, this court concludes defendants' motion to dismiss is due to be denied without prejudice to reassert the same arguments in a subsequent motion for summary judgment. An order consistent with this memorandum opinion will be entered contemporaneously herewith.

DONE this 14th day of April, 1998.

_____
United States District Judge

4